# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDIE SANTANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 07-CV-215-JHP-SAJ |
| | ) | |
| OFFICER MS. CHANDLER and the | ) | |
| CITY OF CATOOSA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the court is Defendants' Motion to Dismiss, Plaintiff's Response, and Defendants' Reply to said motion. Defendants move to dismiss this action filed under 42 U.S.C. §1983 pursuant to Fed.R.Civ.P. 12(b)(6).

This case arises out of a traffic stop which occurred on April 5, 2007. Officer Chandler stopped Plaintiff's vehicle in a McDonald's parking lot in Catoosa, Oklahoma. Officer Chandler stopped Plaintiff for not wearing a seatbelt. During the stop, Officer Chandler noticed expired tags on Plaintiff's car, cited him for the expired tags and impounded the vehicle pursuant to city ordinance and state law. See Title 7, Chapter 9, Ordinance 4(B)(8) of the Catoosa City Ordinances, and Okla. Stat. tit. 47, §1-142(b).

Plaintiff filed suit against the City twelve days later alleging a failure to train officers in violation of 42 U.S.C. §1983. Plaintiff also filed pendent state claims against Officer Chandler alleging: (1) negligence per se; (2) trespass to chattel; and (3) intentional infliction of emotional distress.

In order to establish a claim under 42 U.S.C. §1983, a plaintiff must prove a deprivation of a constitutional right by someone acting under color of state law. *See A. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).* In suits against a governmental entity, it is not enough for plaintiff to show the deprivation of a constitutional right by an agent or employee of the governmental unit. Rather, a civil rights plaintiff must identify an official policy or custom of the government that causes the deprivation of a constitutional right. The causal link between the policy and the deprivation must be readily apparent; all that is needed is a statement of the policy and its enforcement. *See City of Springfield v. Kibbe, 107 S.Ct. 1114, 1119 (1987).* Thus, municipal liability, requires that Plaintiff establish a deprivation occasioned through the enforcement of an official policy, procedure, custom or usage. *See Monnell v. Dept. of Social Ser's of New York City, 436 U.S. 658, 690 (1978).*

In *Monnell*, the United States Supreme Court made clear that municipal liability under Section 1983 cannot be premised on theories of respondeat superior. As noted above, the constitutional deprivation must result from the application of an official policy or practice of the governmental entity. In this case, Plaintiff has alleged the City violated his rights through its training program. However, it is not clear from the Complaint whether Plaintiff has alleged the infirmity is imbedded within the training program itself, or whether the City applied an otherwise constitutional training program in an unconstitutional manner. Instead, Plaintiff has generally alleged that the City failed to train its officers "in the proper carrying out of their duties." (Dkt. #2, p.5).

Plaintiff's claim must fail for several reasons: first, Plaintiff has no evidence of a constitutional deprivation occasioned by Defendant Officer Chandler. In *Los Angeles v. Heller, 475 U.S. 796 (1986)*, the Supreme Court held that a governmental entity cannot be liable for its

policies or practices pursuant to 42 U.S.C. §1983, irrespective of any constitutional infirmity, if the officer at issue did not violate the plaintiff's constitutional rights.  Second, Plaintiff did not allege that the City's training program contained any particularized defect resulting in a constitutional deprivation.  And finally, Plaintiff cannot establish that the City's training program was the direct causal link of an unconstitutional impoundment.  *See Board of County Comm'rs v. Brown, 520 U.S. 397 (1997) (plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and deprivation of federal rights.).*

Plaintiff cannot establish the deprivation of a constitutional right by Officer Chandler. As such, the City's training program could not be the moving force behind the allegation.  As set forth above, Officer Chandler impounded Plaintiff's car for having expired tags.  The authority authorizing the conduct of Defendant Chandler is codified in both the ordinances of the City and relevant state law.  Title 7, Chapter 9, Ordinance 4(B)(8) of the Catoosa City Ordinances titled, "Unlicensed Vehicles,"   allows the following: "[A]ny vehicle on public roads, streets or other public places which does not have a current state license tag may be impounded by the police." The McDonald's parking lot is a public parking lot under Oklahoma law.  *See Pletcher v. State ex rel. Department of Public Safety, 84 P.3d 725, (Okla. 2003)("A public parking lot is '[a]ny parking lot on a right-of-way dedicated to public use or owned by the state or a political subdivision thereof.'"); see also Okla. Stat. tit. 47, §1-142(b)(same).*  Accordingly, the Court finds Officer Chandler impounded Plaintiff's illegally tagged vehicle while it sat in a public parking lot as defined by state law.  As such, Plaintiff cannot demonstrate that Officer Chandler exceeded the scope of her authority by impounding his vehicle.

Defendant Chandler has also asserted the defense of qualified immunity.  When an

officer asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden." *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). First, "[t]he plaintiff...must...establish that the defendant violated a constitutional right." *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007). If, viewed in the light most favorable to the plaintiff, "the officer's conduct did not violate a constitutional right, the inquiry ends and the officer is entitled to qualified immunity." *Wilder*, 490 F.3d at 813; *see Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Cortez*, 478 F.3d at 1114.

"If, on the other hand, a violation has been shown, the plaintiff must then show that the constitutional right was clearly established." *Cortez*, 478 F.3d at 1114; *see Saucier*, 533 U.S. at 201. As the Supreme Court has made clear, "[t]his inquiry...must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. Instead, "'[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id*. at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000). Moreover, it is the plaintiff that "bears the burden of articulating clearly established law." *Novitsky v. City Of Aurora*, 491 F.3d 1244, 1255 (10th Cir. 2007).

"If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity. *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995). "Thus, a defendant is entitled to qualified immunity if the plaintiff fails to show a violation of a constitutional right at all." *Id*. Likewise, "a defendant is entitled to qualified immunity if the

plaintiff fails to show that the law was clearly established." *Id*. As a result, "[o]nly if the plaintiff succeeds in carrying his two-part burden, does the burden shift to the defendant...[to] show that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id*.

In the instant case, the City ordinances expressly allowed Officer Chandler to impound the illegally tagged vehicle driven by Plaintiff. Therefore, the Court finds Defendant Chandler did not violate Plaintiff's constitutional rights and Defendant Chandler is entitled to qualified immunity.

Plaintiff has also asserted state law claims. The Court finds, however, these claims are barred by Plaintiff's failure to comply with the mandatory claims presentation process of the Oklahoma Governmental Tort Claims Act. See Okla. Stat. tit. 51, §157.

IT IS SO ORDERED this 4th day of September, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma